10-3359-ag (L)
NLRB v. County Waste of Ulster, LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 6ᵗʰ day of January, two thousand twelve.

Present:    ROBERT D. SACK,
            ROBERT A. KATZMANN,
            BARRINGTON D. PARKER,
                        *Circuit Judges*.
_____

NATIONAL LABOR RELATIONS BOARD,

        *Petitioner-Cross-Respondent*, and

LIUNA,

        *Intervenor-Petitioner-Cross-Respondent*,

                    - v. -              Nos.    10-3359-ag (Lead)
                                                10-3615-ag (XAP)

COUNTY WASTE OF ULSTER, LLC,

        *Respondent/Cross-Petitioner*.

_____

For Petitioner/Cross-Respondent:        AMY H. GINN, Attorney (Julie B. Broido,
                                        Supervisory Attorney, Lafe E. Solomon, Acting
                                        General Counsel, Celeste Mattina, Acting
                                        Deputy General Counsel, John H. Ferguson,

Associate General Counsel, Linda Dreeben, Deputy Associate General Counsel, *on the brief*), National Labor Relations Board, Washington, D.C.

For Intervenor-Petitioner/Cross-Respondent: TAMIR W. ROSENBLUM, Mason Tenders District Council of Greater New York, New York, N.Y. (Joseph J. Vitale, Cohen, Weiss and Simon LLP, New York, N.Y. *on the brief*)

For Respondent/Cross-Petitioner: STUART WEINBERGER, Goldberg and Weinberger LLP, New York, N.Y.


Petition for Enforcement and Cross-Application for Review of an Order of the National Labor Relations Board.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for enforcement is **GRANTED** and the petition for review is **DENIED**.

Petitioner the National Labor Relations Board (the "Board") petitions to enforce its August 10, 2010 decision and order (the "August 2010 Decision"), concluding that County Waste, LLC ("County Waste") violated section 8(a)(2) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158(a)(2), by allowing Local 124, to distribute a bonus to employees when an election was pending. *County Waste of Ulster, LLC*, 355 N.L.R.B. No. 64 (2010).[1] The competing union, Local 108, Laborers International Union of North America ("Local 108"), was granted permission to intervene. Respondent County Waste cross-petitions for review of the August 2010 Decision. In its petition for review, County Waste asserts, *inter alia*, that substantial evidence does not support the Board's finding that County Waste permitted Local

_____

[1] On September 7, 2010, County Waste filed a motion for reconsideration, rehearing, and/or reopening of the record. By order dated September 27, the Board denied the motion (the "September 2010 Decision"). *County Waste of Ulster, LLC*, 355 N.L.R.B. No. 193 (2010).

124 to distribute the bonus; that even if Local 124 distributed the bonus, this conduct would not violate the NLRA; and, that the Board engaged in "sham" decisionmaking.[2] We assume the parties' familiarity with the facts and procedural history of the case.

County Waste first argues that the Administrative Law Judge's ("ALJ") finding that County Waste allowed Local 124 to distribute the bonus was not supported by substantial evidence. We disagree. This Court "will not reject factual findings unless no rational trier of fact could have arrived at the Board's conclusion." *NLRB v. Windsor Castle Health Care Facilities, Inc.*, 13 F.3d 619, 623 (2d Cir. 1994). Here, the evidence in the record includes County Waste's general manager Ernie Palmer's testimony that he had directed County Waste's dispatcher to let Local 124 distribute a few of the bonuses; a note from Local 124 to County Waste's employees that stated, "Enclosed please find your 2005 Holiday Bonus Check," J.A. 86; and the testimony of one of County Waste's employees, Michael Schiavone, that Local 124 had distributed the bonus. This Court cannot say that no rational trier of fact could have arrived at the ALJ's conclusion that County Waste allowed Local 124 to distribute the bonus.

County Waste next contends that even if it had allowed Local 124 to distribute the bonus, this would not have violated the NLRA. This argument too is unavailing. We "review[] the

---

[2] The August 2010 Decision adopts the reasoning of an earlier decision entered by a two-member panel of the Board on February 11, 2009, concerning the same claims (the "February 2009 Decision"). *County Waste of Ulster, LLC*, 353 N.L.R.B. No. 89 (2009). The February 2009 Decision was vacated by this Court in light of the Supreme Court's holding in *New Process Steel, L.P. v. NLRB*, 130 S. Ct. 2635 (2010). *County Waste of Ulster, LLC v. NLRB*, 385 Fed. Appx. 11 (2d Cir. 2010). County Waste contends that the Board erred by permitting the two members who issued the February 2009 Decision to participate in the three-member panel that considered this case on remand. We address this issue in a separate opinion, in which we conclude that *New Process Steel*, 130 S. Ct. 2635, does not preclude the Board members who entered the February 2009 Decision from participating in the panel that reviewed the case on remand.

Board's legal conclusions to ensure they have a reasonable basis in law." *Long Island Head Start Child Dev. Servs. v. NLRB*, 460 F.3d 254, 257 (2d Cir. 2006). Here, the ALJ reasonably concluded that, by allowing Local 124 to distribute the bonus, County Waste sought to influence the election in violation of section 8(a)(2) of the NLRA. That Local 124 remained the collective bargaining representative until December 2 does not change our analysis. As the ALJ concluded, Local 124 lost the legal advantage of non-neutrality permitted by *RCA del Caribe, Inc.*, 262 N.L.R.B. 963, 965-66 (1982), as soon as it entered into a stipulated election agreement. Therefore, permitting Local 124 to distribute a bonus right before an election is not a privileged breach of neutrality.

Finally, County Waste alleges that the Board's review of its case prior to entering the August 2010 Decision was cursory and therefore, inadequate. "'The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.'" *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 174 (2004) (quoting *United States v. Chemical Found., Inc.*, 272 U.S. 1, 14-15 (1926)); *see also J. Andrew Lange, Inc. v. FAA*, 208 F.3d 389, 394 n.7 (2d Cir. 2000) ("Absent a showing to the contrary, it is presumed the agency considered all evidence in the record when making its determination."). Furthermore, federal courts are not to probe the mental processes of agency decisionmakers because, "[j]ust as a judge cannot be subjected to such a scrutiny, so the integrity of the administrative process must be equally respected." *United States v. Morgan*, 313 U.S. 409, 422 (1941) (internal citation omitted) (finding that it was error to depose the Secretary of Agriculture regarding the process by which he reached a decision).

4

None of the evidence on which County Waste relies is sufficient to overcome the presumption of regularity. First, County Waste emphasizes the short amount of time that elapsed between the Board receiving the mandate and entering the August 2010 Decision. Speed, however, is not an adequate basis to rebut the presumption of regularity. *See Nat'l Nutritional Ass'n v. FDA*, 491 F.2d 1141, 1146 & n.6 (2d Cir. 1974) (rejecting claim that the presumption of regularity was overcome because it was impossible for the FDA Commissioner to have reviewed 1000 pages of exceptions filed to proposed regulations and twenty thousand additional letters in thirteen days). Second, County Waste argues that the Board failed to adequately address its August 9 letter, in which it objected to permitting Board members who authored an earlier decision in this matter to participate in the review of the case on remand. But the August 10 Decision directly addressed this request when it explained that the two members who issued the prior decision participated on the remand panel in accordance with the Board's general practice, which was designed to promote "administrative economy" by assigning the case on remand to "the members who participated in the original decision." *County Waste of Ulster, LLC*, 355 N.L.R.B. No. 64, at 1 n.3 (2010). Finally, County Waste asserts that the Board must not have reviewed its case since the August 2010 Decision fails to account for issues that were remanded to the ALJ by an earlier Board decision. In its September 2010 Decision denying County Waste's motion for reconsideration, the Board squarely responded to this concern, explaining that "the August 2010 decision left no doubt as to its adoption of the . . . severance and remand of the separate 8(a)(1) issue." *County Waste of Ulster, LLC*, 355 N.L.R.B. No. 193, at 1 (2010). Nor does the fact that the Board did not reaffirm its order with respect to the severed section 8(a)(1) issues, *see County Waste of Ulster, LLC*, 354 N.L.R.B. No. 54 (2009),

5

until its denial of County Waste's motion for reconsideration, rehearing, and/or reopening of the record serve to rebut the presumption of regularity.

We have considered all of Respondent/Cross-Petitioner's arguments and, for the reasons stated above, we **GRANT** the Board and Local 108's petition to enforce and **DENY** County Waste's petition for review.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK